UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Kelly Haskell**, | |
| Plaintiff, | Case No. 3:21-cv-2134 |
| v. | |
| **Realgy Energy Services, LLC**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Kelly Haskell** ("Plaintiff"), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Realgy Energy Services, LLC** ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.* ("OCSPA")

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Ohio.

1

4. A substantial portion of the acts and omissions described herein occurred within this District.

5. Furthermore, Defendant knowingly availed itself to the State of Ohio and to this District by dialing Plaintiff's number at a "419" area code associated with the Greater Toledo, region.

6. Furthermore, Defendant placed phone calls from numbers using the "419", "330" and "216" area codes associated with the Toledo, Akron, Youngstown and Cleveland regions.

7. Accordingly, defendant availed itself to the state of Ohio and this District.

8. Personal jurisdiction therefore exists.

9. Additionally, venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

10. Plaintiff is a natural person who at all times relevant hereto, resided in Perrysburg, Ohio 43551.

11. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 675 Oakwood Avenue, West Hartford, Connecticut 06110.

13. Defendant is "person" as that term is defined by 47 U.S.C. § 153(39).

14. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

15. At all times relevant hereto, Plaintiff, Kelly Haskell, maintained a cell phone, the number for which was 419-XXX-5250.

16. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on or around October 10, 2003.

17. Ms. Haskell registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and irritating telemarketing calls.

18. At all times relevant hereto, Plaintiff used that cell phone primarily for residential purposes.

19. Defendant is an energy provider that sells electric service to consumers.

20. Defendant engages in telemarketing in order to solicit business for its electric plans and service.

21. Beginning around February 2020 and continuing through at least July 2020, Defendant placed a series of solicitation calls to Plaintiff in order to sell Plaintiff energy/electric plans.

22. Defendant's phone call to Plaintiff utilized an automatically generated and/or pre-recorded voice.

23. Mrs. Haskell did not consent to those calls from Defendant.

24. In total, Defendant placed at least 10 calls to Plaintiff.

25. Plaintiff received calls from Defendant on at least the following dates:

| Date/Time: | Caller ID: |
|---|---|
| February 11, 2020 6:27 pm Eastern | (419) 648-6065 |
| February 14, 2020 1:32 pm Eastern | (419) 577-7508 |
| February 17, 2020 6:35 pm Eastern | (419) 814-6820 |
| February 21, 2020 1:38 pm Eastern | (419) 809-6601 |
| February 24, 2020 3:33 pm Eastern | (419) 831-5166 |
| March 11, 2020 7:44 pm Eastern | (419) 944-5333 |
| April 2, 2020 11:34 am Eastern | (419) 843-9439 |

| July 13, 2020 11:59 am Eastern | (419) 942-5003 |
| July 14, 2020 11:54 am Eastern | (216) 410-9691 |
| July 14, 2020 4:09 pm Eastern  | (330) 437-3068 |
| July 15, 2020 10:03 am Eastern | (330) 437-3068 |

26. Upon information and belief, Plaintiff received additional calls to her cellular phone from Defendant not included in the above-list.

27. Many of the calls placed by Defendant to Ms. Haskell began with an automated voice setting forth a menu of options after Ms. Haskell answered a call.

28. For instance, in several calls placed by Defendant, Plaintiff would answer the call and a prerecorded message would play stating that it was an Plaintiff was overcharged for her electric company and that she was eligible for a rebate check and a discount on her electric and gas bill. Plaintiff was then prompted to Press "1" to get her rebate check. Upon pressing "1", plaintiff was connected to a live agent.

29. In order to ascertain the identity of the party making harassing solicitation calls, Plaintiff inquired for which company Defendant calling.

30. In the initial calls, Defendant's agents declined to identify the company for which they were calling.

31. However, in the call dated July 14, 2020, the live agent on the phone identified that he was calling on behalf of Realgy Energy Service.

32. Plaintiff knows the other calls in the list above were made by Realgy because they contained an identical pre-recorded message at the outset offering purported affordable electrical plans and originated from similarly-spoofed Northern Ohio phone numbers on the caller ID.

33. On several occasions, Plaintiff told Defendant's live agent that she was not interested in Realgy's energy services and requested that Defendant stop contacting her.

34. Despite the foregoing demand for the calls to cease, Defendant continued to place irritating, invasive and disruptive solicitation calls to Plaintiff.

35. As a result of the foregoing, Plaintiff experienced frustrations, annoyance, irritation and a sense that her privacy has been invaded by Defendant.

36. Furthermore, Defendant violated Ohio law by failing to affirmatively, clearly and expressly stating the calls were made to effect a sale, and without stating in general terms the goods or services the supplier has to offer.

37. Additionally, upon information and belief, Defendant is not now and was not during the relevant time period, licensed/registered to place telephone solicitation calls in the State of Ohio with the Ohio Secretary of State. (*See* Ex. A, Ohio Solicitor Lookup, *available at:* https://www.ohioattorneygeneral.gov/Business/Services-for-Business/Telephone-Solicitors.)

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)

38. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

39. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendant initiated multiple calls to Plaintiff's telephone number using an automatically generated or pre-recorded voice.

41. Defendant's calls were not made for "emergency purposes."

42. Defendant's calls to Plaintiff were made without any prior express written consent.

43. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

44. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

45. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT II**
**DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

46. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

47. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

48. Defendant contacted Plaintiff soliciting goods or services despite the fact that Plaintiff's cell phone number was on the Do Not Call Registry.

49. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

50. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

51. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

### COUNT III
### DEFENDANT VIOLATED OHIO CONSUMER SALES PRACTICES ACT, OHIO REV. CODE § 1345.01 ET SEQ AND OHIO ADMIN. CODE 109:4-3-11 AND

52. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

53. Defendant is a "supplier" as defined by the Ohio Consumer Sales Practices Act.

54. Plaintiff is a "consumer' or "person" protected by the Ohio Consumer Sales Practices Act.

55. Ohio Admin. Code 109:4-3-11(A)(1) renders it a deceptive act for a "supplier" to a sale without clearly, affirmatively, and expressly revealing at the time the supplier initially contacts the consumer or prospective consumer, and before making any other statement, asking any question, or entering the residence of the consumer or prospective consumer, that the purpose of the contact is to effect a sale, stating in general terms the goods or services the supplier has to offer.

56. Defendant violated that provision by placing calls to plaintiff offering a reduction in energy bill without disclosing the company and that the call is made for the purpose of soliciting business.

57. As a result of the above violations of the Ohio Consumer Sales Practices Act, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual damages and attorneys' fees and costs.

## COUNT IV
## DEFENDANT VIOLATED THE OHIO TELEPHONE SOLICITATION ACT
## OHIO REV. CODE ANN. § 4719.02(A)

58. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

59. Ohio Rev. Code Ann. § 4719.02(A) provides "No person shall act as a telephone solicitor without first having obtained a certificate of registration or registration renewal from the attorney general under section 4719.03 of the Revised Code."

60. Defendant violated that provision by placing solicitation calls without being registered with the Ohio Attorney General.

61. As a result of the above violations of the Ohio Telephone Solicitation Act, Plaintiff is entitled to Plaintiff to an award of statutory, actual damages and attorneys' fees and costs.

**Wherefore**, Plaintiff, **Kelly Haskell,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c);

g. Statutory damages of $200 per unlawful call under the Ohio Consumer Sales Practices Act and the Ohio Telephone Solicitation Act;

h. Attorneys' fees and costs as provided by the Ohio Consumer Sales Practices Act; and

i. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Kelly Haskell,** demands a jury trial in this case.

Respectfully submitted,

Dated: November 9, 2021

By: */s/ Jaocb U. Ginsburg*
JACOB U. GINSBURG
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
jginsburg@creditlaw.com
Email: teamkimmel@creditlaw.com