UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **KELLY HASKELL,**<br>    Plaintiff,<br><br>v.<br><br>**REALGY ENERGY SERVICES, LLC,**<br>    Defendant. | CASE NO. 3:21-cv-02134-JJH<br><br>**Judge Jeffrey J. Helmick** |

**DEFENDANT REALGY ENERGY SERVICES, LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Realgy Energy Services, LLC ("Realgy"), for its Answer to the Complaint of Plaintiff, Kelly Haskell ("Haskell"), states:

### INTRODUCTION

1. Realgy admits that Haskell purports to bring this action under the Telephone Consumer Protection Act ("TCPA"). Realgy denies the remaining allegations in paragraph 1 and expressly denies violating the TCPA.

### JURISDICTION AND VENUE

2. The jurisdictional allegations in paragraph 2 of Haskell's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Realgy denies the allegations in paragraph 2.

3. The jurisdictional allegations in paragraph 3 of Haskell's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Realgy this Court has jurisdiction over it.

1

4. Realgy denies for want of knowledge the allegations in paragraph 4 of Haskell's Complaint.

5. Realgy denies the allegations in paragraph 5 of Haskell's Complaint.

6. Realgy denies the allegations in paragraph 6 of Haskell's Complaint.

7. The jurisdictional allegations in paragraph 7 of Haskell's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Realgy denies the allegations in paragraph 7 of Haskell's Complaint.

8. The jurisdictional allegations in paragraph 8 of Haskell's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Realgy denies the allegations in paragraph 8 of Haskell's Complaint.

9. The venue allegations in paragraph 8 of Haskell's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Realgy denies the allegations in paragraph 8 of Haskell's Complaint.

**PARTIES**

10. Realgy denies for want of knowledge the allegations in paragraph 10 of Haskell's Complaint.

11. Realgy denies for want of knowledge the allegations in paragraph 11 of Haskell's Complaint.

12. Realgy admits the allegations in paragraph 12 of Haskell's Complaint.

13. The allegations in paragraph 8 of Haskell's Complaint constitute legal conclusions to which no response is required. To the extent any response is required, Realgy denies for want of knowledge the allegations in paragraph 13 of Haskell's Complaint.

14. Realgy denies the allegations in paragraph 8 of Haskell's Complaint.

**FACTUAL ALLEGATIONS**

15. Realgy denies for want of knowledge the allegations in paragraph 15 of Haskell's Complaint.

16. Realgy denies for want of knowledge the allegations in paragraph 16 of Haskell's Complaint.

17. Realgy denies for want of knowledge the allegations in paragraph 17 of Haskell's Complaint.

18. Realgy denies for want of knowledge the allegations in paragraph 18 of Haskell's Complaint.

19. Realgy denies the allegations in paragraph 19 of Haskell's Complaint.

20. Realgy denies the allegations in paragraph 20 of Haskell's Complaint.

21. Realgy denies the allegations in paragraph 21 of Haskell's Complaint.

22. Realgy denies the allegations in paragraph 22 of Haskell's Complaint.

23. Realgy denies the allegations in paragraph 23 of Haskell's Complaint.

24. Realgy denies for want of knowledge the allegations in paragraph 24 of Haskell's Complaint.

25. Realgy denies for want of knowledge the allegations in paragraph 25 of Haskell's Complaint.

26. Realgy denies for want of knowledge the allegations in paragraph 26 of Haskell's Complaint.

27. Realgy denies for want of knowledge the allegations in paragraph 27 of Haskell's Complaint.

28. Realgy denies for want of knowledge the allegations in paragraph 28 of Haskell's Complaint.

29. Realgy denies for want of knowledge the allegations in paragraph 29 of Haskell's Complaint.

30. Realgy denies for want of knowledge the allegations in paragraph 30 of Haskell's Complaint.

31. Realgy denies for want of knowledge the allegations in paragraph 31 of Haskell's Complaint.

32. Realgy denies for want of knowledge the allegations in paragraph 32 of Haskell's Complaint.

33. Realgy denies the allegations in paragraph 33 of Haskell's Complaint.

34. Realgy denies the allegations in paragraph 34 of Haskell's Complaint.

35. Realgy denies for want of knowledge the allegations in paragraph 35 of Haskell's Complaint.

36. Realgy denies the allegations in paragraph 36 of Haskell's Complaint.

37. Realgy denies for want of knowledge the allegations in paragraph 37 of Haskell's Complaint.

## COUNT I

38. Realgy incorporates its responses to the preceding paragraphs of Haskell's Complaint as if fully set forth herein.

39. The allegations in paragraph 39 of Haskell's Complaint are not well-pleaded allegations of fact but are instead legal conclusions to which no response is required. To the extent a response is required, Realgy states that 47 U.S.C. § 227(b)(1)(A)(iii) speaks for itself and denies any inconsistent allegations.

40. Realgy denies the allegations in paragraph 40 of Haskell's Complaint.

41. Realgy denies the allegations in paragraph 41 of Haskell's Complaint.

42. Realgy denies the allegations in paragraph 42 of Haskell's Complaint.

43. Realgy denies the allegations in paragraph 43 of Haskell's Complaint.

44. Realgy denies the allegations in paragraph 44 of Haskell's Complaint.

45. Realgy denies the allegations in paragraph 45 of Haskell's Complaint.

## COUNT II

46. Realgy incorporates its responses to the preceding paragraphs of Haskell's Complaint as if fully set forth herein.

47. The allegations in paragraph 47 of Haskell's Complaint are not well-pleaded allegations of fact but are instead legal conclusions to which no response is required. To the extent a response is required, Realgy states that 47 U.S.C. § 227(c) speaks for itself and denies any inconsistent allegations.

48. Realgy denies the allegations in paragraph 48 of Haskell's Complaint.

49. Realgy denies the allegations in paragraph 49 of Haskell's Complaint.

50. Realgy denies the allegations in paragraph 50 of Haskell's Complaint.

51. Realgy denies the allegations in paragraph 51 of Haskell's Complaint.

## COUNT III

52. Realgy incorporates its responses to the preceding paragraphs of Haskell's Complaint as if fully set forth herein.

53. The allegations in paragraph 53 of Haskell's Complaint are not well-pleaded allegations of fact but are instead legal conclusions to which no response is required. To the extent a response is required, Realgy states that the Ohio Consumer Sales Practices Act speaks for itself and denies any inconsistent allegations.

54. The allegations in paragraph 54 of Haskell's Complaint are not well-pleaded allegations of fact but are instead legal conclusions to which no response is required. To the extent a response is required, Realgy states that the Ohio Consumer Sales Practices Act speaks for itself and denies any inconsistent allegations.

55. The allegations in paragraph 55 of Haskell's Complaint are not well-pleaded allegations of fact but are instead legal conclusions to which no response is required. To the extent a response is required, Realgy states that Ohio Admin. Code 109:4-3-11(A)(1) speaks for itself and denies any inconsistent allegations.

56. Realgy denies the allegations in paragraph 56 of Haskell's Complaint.

57. Realgy denies the allegations in paragraph 57 of Haskell's Complaint.

## COUNT IV

58. Realgy incorporates its responses to the preceding paragraphs of Haskell's Complaint as if fully set forth herein.

59. The allegations in paragraph 59 of Haskell's Complaint are not well-pleaded allegations of fact but are instead legal conclusions to which no response is required. To the extent a response is required, Realgy states that R.C. 4719.02(A) speaks for itself and denies any inconsistent allegations.

60. Realgy denies the allegations in paragraph 60 of Haskell's Complaint.

61. Realgy denies the allegations in paragraph 61 of Haskell's Complaint.

Realgy denies the allegations in Haskell's WHEREFORE clause, including all subparts.

**AFFIRMATIVE DEFENSES**

1. Haskell's Complaint fails to allege facts sufficient to state a cause of action against Realgy.

2. Realgy did not initiate any calls to Haskell using an "automatic telephone dialing system" as defined in the TCPA.

3. Realgy did not use a "pre-recorded voice" as defined in the TCPA.

4. Haskell's claims against Realgy are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, and acquiescence.

5. Realgy's conduct is protected by the safe harbor provisions of the TCPA.

6. Haskell's Complaint is barred by the doctrine of laches.

7. Because Realgy did not engage in knowing or willful misconduct, Haskell is not entitled to treble damages.

8. Realgy is not liable for the conduct of third parties it did not control, ratify, and/or direct.

9. Any nonparties responsible for the alleged conduct were not agents of Realgy, precluding a holding of responsibility against Realgy.

10. Realgy did not make any calls to Haskell.

11. Realgy did not authorize any of the alleged calls to Haskell.

**WHEREFORE,** Defendant, Realgy Energy Services, LLC, prays that this Court dismiss with prejudice the Complaint of Plaintiff, Kelly Haskell, for all other

8

relief this Court deems just. Defendant also prays this Court award it judgment in the amount of its costs and incurred attorney's fees.

                                                Respectfully Submitted,

                                                /s/Jason A. Whitacre
                                                Jason A. Whitacre (0077330)
                                                FLYNN, KEITH & FLYNN
                                                214 S. Water Street
                                                Kent, Ohio 44240
                                                Phone: (330) 673-0114
                                                Facsimile: (330) 617-4278
                                                jwhitacre@flynnkeithlaw.com
                                                Attorney for Defendant, Realgy Energy Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2021, I filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

    /s/Jason A. Whitacre
    Jason A. Whitacre (0077330)
    FLYNN, KEITH & FLYNN
    Attorney for Defendant, Realgy, LLC