UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kelly Haskell,                                              Case No.  3:21-cv-2134

                    Plaintiff,

          v.                                                MEMORANDUM OPINION
                                                                AND ORDER

Realgy Energy Services, LLC,

                    Defendant.

## I.  INTRODUCTION AND BACKGROUND

Plaintiff Kelly Haskell asserts claims against Defendant Realgy Energy Services, LLC, for

alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), and

the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01 *et seq.* ("OCSPA").  (Doc.

No. 1).  Haskell alleges that, between February and July 2020, she received a series of calls from

spoofed Northern Ohio telephone numbers, even though she previously had registered her cell

phone number on the federal Do Not Call Registry.  (*Id.* at 3-4).  Each call began with a pre-

recorded message offering discounts on electrical service and prompting Haskell to select from a

menu of options.  (*Id.* at 4).  She contends that during one phone call, she was connected with a live

agent who indicated he was calling her on behalf of Realgy.  (*Id.*).

During the course of discovery, a dispute arose between the parties about whether Realgy

should be required to turn over certain documents regarding Realgy's usage of third-party vendors

and its contractual relationships with those vendors.  (Doc. Nos. 12 and 13).  After informal

attempts to resolve the dispute were unsuccessful, I granted leave to Haskell to file a motion to compel discovery.  (Doc. No. 15).

Haskell filed her motion, arguing Realgy should be compelled: (1) to identify the company whose telemarketers spoke with Haskell in the recordings she produced; (2) to identify the company whose telemarketer transferred her call to Realgy; (3) to produce all documentation it has relating to Haskell; and (4) to produce the contract between Realgy and the vendor or vendors who contacted Haskell or, if the vendors cannot be identified, a generic contract for telemarketing vendors used at the time of the calls.  (Doc. No. 16).

Realgy argues Haskell's motion should be denied because:

> (1) it did not make any calls to Haskell, (2) it did not authorize any outbound calls to Haskell, (3) that it has reviewed all its internal records and cannot locate any evidence of outbound calls to Haskell, and (4) that it has checked with each of its possible third-party vendors and each of those vendors confirmed a similar lack of records supporting evidence of any calls to Haskell.

(Doc. No. 20 at 2).

For the reasons stated below, I grant Haskell's motion in part and deny it in part.

## II.    DISCUSSION

Rule 26 generally provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.] . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)).

There is no real dispute that the documents and responses Haskell seeks to compel are relevant to her claims.  She alleges Realgy is liable for violations of the TCPA and the OCSPA,

whether Realgy committed those violations itself or is vicariously liable for the misconduct of other actors, and she seeks information directly related to those claims.  But the hurdle she largely cannot surmount is not relevance, but impossibility.

Realgy represents that it has searched its own records, and it instructed its vendors to search their records, but those searches did not return any records or documentation of phone calls made to Haskell.  (Doc. No. 20 at 2); (*see also* Doc. No. 16-1).  Counsel for Realgy made those representations subject to the provisions of Rules 11 and 26(g)(3), and Haskell has not produced any evidence to cast doubt on the legitimacy of those representations or the reasonableness of the search in response to Haskell's discovery requests.  *See, e.g., Prasad v. George Washington Univ.*, 323 F.R.D. 88, 93 (D.D.C. 2017) ("To be adequate under the Federal Rules, a search in response to a discovery request must be reasonable.") (citation omitted); *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 704-07 (D.N.J. 2015) (assessing sanctions against defendant for failing to conduct reasonable inquiry in response to discovery requests).  As Realgy observes, it cannot produce discovery which does not exist.

There is one part of this dispute that remains unresolved.  Realgy, in its response to Interrogatory No. 8, stated "[a]n initial call with Plaintiff was transferred to Realgy as an inbound call."  (Doc. No. 16-1 at 4).  Haskell contends Realgy has not identified the party that transferred the call.  (Doc. No. 16 at 3).  Realgy did not directly respond to this statement, though it asserts elsewhere it "has reviewed its records and cannot locate anything related to Haskell that it has not produced."  (Doc. No. 20 at 6).  I hereby order Realgy to provide Haskell with the identity of the party who transferred Haskell's call to Realgy "as an inbound call," as well as any related information, within fourteen days of the date of this Memorandum Opinion and Order.  If Realgy is unable to produce this information, it shall file an affidavit explaining with particularity why the information is unavailable.  Realgy is granted leave to file this affidavit under seal.

3

### III.    CONCLUSION

For the reasons stated above, I grant Haskell's motion to compel in part and deny it in part.

(Doc. No. 16).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge